CALABRIA, Judge.
On 16 April 1999, Tony Caudle ("defendant") pled guilty to assault with a deadly weapon inflicting serious injury and to possession of a weapon of mass destruction. The trial court consolidated the offenses for judgment ("1999 judgment"), imposed a suspended sentence of twenty to thirty-three months' imprisonment, and placed defendant on supervised probation for forty-eight months. On 14 May 2002, defendant pled no contest to felonious restraint and to assault on a female. The trial court consolidated those offenses for judgment ("2002 judgment"), imposed a suspended concurrent sentence of twenty-one to twenty-six months'imprisonment, and placed defendant on supervised probation for thirty-six months.
On 2 April 2003, following defendant's admission of a probation violation in the 1999 judgment, the trial court found violations but ordered that the original judgment remain in full force and effect. Later, on 4 June 2003, the trial court found violations of monetary conditions of probation in the 1999 judgment and entered an order extending defendant's probation for twelve months. On 11 July 2003, defendant's probation officer filed violation reports for both the 1999 judgment and the 2002 judgment due to defendant's conviction on 10 July 2003 for assault with a deadly weapon inflicting serious injury.
At the probation violation hearing held on 30 July 2003, defendant's counsel admitted defendant's conviction of assault with a deadly weapon inflicting serious injury violated his probation for both the 1999 judgment and the 2002 judgment. After finding the violation the trial court revoked defendant's probation, activated the suspended sentences, and ordered that the sentences be served at the expiration of the active sentence of 58 to 79 months imposed for the 2003 assault conviction. From the trial court's order revoking probation, defendant appeals.
Defendant asserts in his assignment of error that the trial court committed plain error by finding, based solely on statements made by appointed counsel without any inquiry of defendant, that defendant waived his probation violation hearing and that he admitted probation violations. Defendant also argues that thisissue is preserved pursuant to N.C. Gen. Stat. § 15A-1446(d)(18) (2003). Defendant's arguments are without merit.
Defendant's assertion that the trial court committed plain error has not been properly preserved for our review. A party must provide argument in his brief to support the bare assertion that the claimed error amounted to plain error. State v. Cummings, 352 N.C. 600, 636, 536 S.E.2d 36, 61 (2000), cert. denied, 532 U.S. 997, 149 L. Ed. 2d 641, 121 S. Ct. 1660 (2001). Defendant, in his brief, merely asserts without elaboration or argument that the trial court's failure to directly ask the defendant whether he approved of his counsel's statements amounted to plain error. Because no argument supports defendant's assertions, this argument is waived. Id. Moreover, even if this argument had been properly preserved, the trial court's findings that defendant waived his probation violation hearing and admitted the probation violations are not subject to plain error review. See State v. Childress, 321 N.C. 226, 234, 362 S.E.2d 263, 268 (1987) (standing for the proposition that plain error review only applies to jury instructions and evidentiary rulings).
We also reject defendant's contention that this issue is preserved for review under N.C. Gen. Stat. § 15A-1446(d)(18). North Carolina General Statutes § 15A-1446(d) permits review on the ground that "the sentence was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law." North Carolina General Statutes § 15A-1345(e) (2003) states, "Before revoking or extendingprobation, the court must, unless the petitioner waives the hearing, hold a hearing to determine whether to revoke or extend probation . . . ". This statute contains no requirement that the trial court directly question the defendant, and we have long held that counsel's statements are binding on a defendant. See, e.g., State v. Morrison, 85 N.C. App. 511 , 355 S.E.2d (1987) (stating "Statements of an attorney are admissible against his client provided that they have been within the scope of his authority and that the relationship of attorney and client existed at the time. In conducting an individual's defense an attorney is presumed to have the authority to act on behalf of his client. The burden is upon the client to prove lack of authority to the satisfaction of the court.") As such, the sentence that the trial court imposed falls within none of the statutory grounds for review, and we reject this argument.
No error.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).